a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| D'ANGELO LEONARD, Plaintiff | CIVIL ACTION NO. 1:18-CV-419-P |
| VERSUS | JUDGE DEE D. DRELL |
| CONCORDIA PARISH SHERIFF'S OFFICE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff D'Angelo Leonard ("Leonard"). Leonard was granted leave to proceed *in forma pauperis*. (Doc. 8). Leonard is a detainee at the Concordia Parish Jail in Vidalia, Louisiana. Leonard complains that he was injured while being transported in a vehicle operated by the Concordia Parish Sheriff's Office ("CPSO"). (Doc. 1, p. 3).

Because Leonard has not alleged the violation of a constitutional right, his § 1983 complaint should be dismissed.

I. Background

Leonard alleges that, while riding in a CPSO vehicle, the vehicle struck an object that fell off of another vehicle. (Doc. 1, p. 3). The officer driving the CPSO vehicle swerved into the median after hitting the object, and the vehicle came to an abrupt stop. (Doc. 1, p. 3). The officer and other driver attempted to move the item from the road and debris from under the officer's vehicle. (Doc. 1, p. 3). Leonard

alleges that, during the accident, he was slammed into the vehicle's cage, which caused neck and back injuries. (Doc. 1, p. 4).

II. <u>Law and Analysis</u>

    A. <u>Leonard's complaint is subject to screening under §§ 1915(e)(2) and 1915A.</u>

Leonard is a prisoner who has been allowed to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Leonard's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Leonard's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." <u>Id.</u> at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

    B. <u>Leonard does not state a claim under § 1983.</u>

To state a § 1983 claim, a prisoner must allege the violation of a constitutional right. Mere negligence is not a basis for liability under § 1983. See <u>Hernandez ex</u>

rel. Hernandez v. Texas Dept. of Protective and Regulatory Services, 380 F.3d 872, 882-83 (5th Cir. 2004); Conner v. Travis County, 209 F.3d 794, 796 (5th Cir. 2000). Leonard does not identify the violation of any of his constitutional rights by any named Defendant.

To the extent Leonard claims Defendants subjected him to cruel and unusual punishment or unconstitutional conditions, his claim fails. First, there is an objective requirement that the condition must be "so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need." Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999) (citing Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995)). Second, under a subjective standard, the prison official must have had a "sufficiently culpable state of mind— that is, the official must have been deliberately indifferent to the prisoner's health or safety." Rogers v. Boatright, 709 F.3d 403, 407 (5th Cir. 2013) (citing Palmer v. Johnson, 193 F.3d 346, 351-52 (5th Cir. 2008); Farmer v. Brennan, 511 U.S. 825, 837 (1994). Leonard's allegations do not indicate that a prison official subjectively knew that Leonard faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. See Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003) (citing Farmer, 511 U.S. at 847).

Leonard has alleged negligence, at most, and his § 1983 complaint should therefore be dismissed. To the extent Leonard sought to present a tort claim under Louisiana law, he must do so in state court.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Leonard's § 1983 complaint be DENIED and DISMISSED with prejudice pursuant to §§ 1915A and 1915(e)(2)(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 16th day of May, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge

4